## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**IYAD ABUHAJJAJ,**
**ALIEN # A78-062-284,**

      **Plaintiff,**

**vs.**                     **Case No. 4:07cv179-SPM/WCS**

**ALBERTO GONZALES,**
**MICHAEL CHERTOFF,**
**and WILLIAM F. ALEXANDER,**
**Acting District Director of the**
**Immigration and Customs Enforcement, et al.,**

      **Defendants.**

_____/

### ORDER and REPORT AND RECOMMENDATION

      This case was initiated on April 13, 2007, doc. 1, with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner was represented by counsel at the time the case was initiated.  However, recently Petitioner's counsel filed a motion to withdraw.  Doc. 18.  The motion stated that on October 25, 2007, Petitioner sent a facsimile to counsel terminating representation.  *Id.*  The motion also advised that the location of Petitioner was unknown as Petitioner "failed to maintain communication" with counsel.  *Id.*  The motion to withdraw was granted on November 14, 2007.  Doc. 19.

In granting the motion, I *sua sponte* raised the issue of whether the case can proceed if Petitioner's whereabouts were unknown.  More importantly, it is necessary to determine whether Petitioner is still in the custody of the Department of Homeland Security.  Doc. 19.  That order also noted that Respondents had previously moved to dismiss this case for lack of jurisdiction on two grounds, doc. 8.  The first reason was that Petitioner had obtained a stay of removal and secondly, the Board of Immigration Appeals [hereinafter "BIA"] reopened Petitioner's case to re-examine his claim for asylum.  Doc. 8.  Respondents were to file a response to that order and (1) advise as to Petitioner's custody status and (2) provide additional information concerning the status of the reopened BIA proceedings.  Doc. 19.

After that order was issued, Petitioner (proceeding *pro se*) filed a notice of his change of address and requests that new counsel be appointed to represent him.  Doc. 20.  Petitioner advised of several problems and specified that he did not request that former counsel cease to represent him, did not fail to maintain communication with counsel as was alleged, and states that he has filed a complaint against his former attorney with the Florida Bar.  Doc. 20, p. 2.  The issues concerning Petitioner and his former attorney are irrelevant to the issue at hand.  The Florida Bar is the appropriate avenue for redress concerning Petitioner's claims against his attorney.  This Court is the appropriate avenue to determine whether Petitioner is entitled to relief on the merits of this § 2241 petition.

The petition for writ of habeas corpus, doc. 1, alleged that Petitioner was in custody and that this detention was in violation of Petitioner's rights under the Constitution, the Immigration and Nationality Act, and the Administrative Procedure Act.

Petitioner sought his release from detention under <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001).  Petitioner now acknowledges with his notice that he was "transferred" on August 16, 2007, to the Krome Detention Center in Miami, Florida.  Doc. 20, pp. 1, 2. Petitioner also states that he was released "from Krome on October 11, 2007."  *Id.*, at 2.

Respondents confirm that Petitioner "has been released from the custody of the Department of Homeland Security."  Doc. 21, p. 1.  Respondents advise that Petitioner had an immigration bond hearing in Miami, Florida on October 11, 2007, and the Immigration Judge ordered Petitioner's release on a $25,000 bond.  Doc. 21, pp. 1-2; *see also* exhibit A.  Petitioner was released and his "immigration case was transferred to San Diego, California."  *Id.*, at 2.  Thus, Respondents argue that since the § 2241 petition here challenged the legality of Petitioner's detention, and because he is no longer in detention, this case is moot.  *Id.*  It is uncontested that Petitioner is currently residing in California.  Doc. 20, p. 3; doc. 21, p. 2; ex. B.

Therefore, because Petitioner has essentially been afforded the relief he sought, release from detention, this § 2241 petition should be dismissed as moot.  As the petition is moot, there is no need to appoint new counsel to represent Petitioner.

Respondent's reply, doc. 21, contains a certificate of service which states the document was provided to Petitioner at his "last known address" which was:  1486 Douglas Street, San Jose, California 95126.  That is the same address Petitioner used when signing his notice, doc. 20.  The Clerk of Court shall forward this order and Report and Recommendation to Petitioner at that address.  If Petitioner does not contest this

dismissal, he need not take any further action.  Petitioner shall have a fifteen day period of time in which to file any opposition to this report and recommendation.

Accordingly, it is **ORDERED:**

1.  The Clerk shall provide a copy of this report and recommendation to Petitioner at the address listed on Petitioner's reply, doc. 20, and in the certificate of service provided on Respondents' response:  1486 Douglas Street, San Jose, California 95126. The Court shall note on the docket that this is now the address of record for Petitioner.

2.  Petitioner shall have fifteen days to submit any opposition to this recommendation to dismiss this § 2241 petition as **moot** because Petitioner has been released from custody and no further relief may be provided.

It is further **RECOMMENDED** that the § 2241 petition filed by Petitioner Iyad Abuhajjaj be **DISMISSED as moot** since he has been released from custody.

**IN CHAMBERS** at Tallahassee, Florida, on December 13, 2007.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendation within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**